## WILLIAM BRADLEY & SON v. RYAN.

(Supreme Court, Appellate Term.   June 5, 1908.)

PROCESS—SERVICE—SUFFICIENCY OF EVIDENCE.

Evidence examined, and *held* to show that defendant was not personally served with the summons, although the officer's return showed personal service.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 202–205.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by William Bradley & Son against Emiline Ryan.   From a judgment for plaintiff, defendant appeals.   Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

John Oscar Ball, for appellant.
William E. Slevin, for respondent.

PER CURIAM.   Appeal from judgment on the ground that defendant did not appear and was not personally served with summons. The return shows that defendant appeared on the return day January 24, 1908, and answered, "Traverse return."   On January 31, 1908, the parties appeared.   The marshal testified that he served the summons January 13, 1908, on an elderly woman 45 or 50 years of age, who admitted that she was the party; that the door was opened by a "doctor, I presume," who said he would send for the defendant.   Flora Ryan testified that, as she came to the house from market, the doctor told her a gentleman was in the parlor, and "this young man [indicating the stenographer] said, 'Mrs. Ryan,' I said, 'Yes,'" and the summons was handed her.   She further said she never saw the marshal until that day in court.   The court sustained the service, and an inquest was taken February 10, 1908, for $208.07.

Defendant presents the affidavit of Dr. Maupin, who resided at the premises of the defendant, who says that on January 13, 1908, a man asked for Miss Ryan, who at deponent's instance went into the parlor and shortly thereafter showed deponent the summons served upon her; also the affidavit of Flora Ryan, stating that she informed the marshal that she was not the defendant, that the stenographer at the hearing was the person who served the summons, and that her mother was 75 years of age; also the affidavit of the defendant, stating that she is 75 years of age, and that she was not served with any summons in this action.   It is significant that the stenographer referred to was not called as a witness, nor required to make an affidavit by the plaintiff.   We are of opinion that the presumption of proper service of the summons has been overcome, and that the judgment should be reversed.

Judgment reversed, with costs, and complaint dismissed.